UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60533-CIV-HUCK/O'SULLIVAN

DENISE E. BARTLE,

    Plaintiff,

vs.

RX OPTIONS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter came before the Court on the Plaintiff's Motion for Costs, Including Attorneys' Fees and Litigation Expenses, and Supporting Memorandum of Law (DE # 42, 10/9/08). This motion was referred to the undersigned United States Magistrate Judge by the Honorable Paul Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. §636(b). Having carefully considered the motion, the response and the reply thereto, the court file and the applicable law, the undersigned recommends that the Plaintiff's Motion for Costs, Including Attorneys' Fees and Litigation Expenses, and Supporting Memorandum of Law (DE # 42, 10/9/08) be **GRANTED in part** and **DENIED in part** as more fully described below.

## BACKGROUND

The plaintiff filed this lawsuit pursuant to the Fair Labor Standards Act. The defendant's answer in this case asserted certain affirmative defenses, including professional and executive exemptions. The plaintiff notified the defendant that the professional and executive exemptions were improperly asserted, and the plaintiff

requested the defendant withdraw these assertions.  On June 26, 2008, defense counsel received a letter from plaintiff's counsel including a proposed joint stipulation as to the defendant's withdrawal of the professional and executive exemptions affirmative defenses.  On July 15, 2008, the defendant sent the plaintiff a signed stipulation which was the same as the proposed stipulation provided by the plaintiff to the defendant except that the defendant's stipulation added wording regarding each party bearing its own fees.  The plaintiff did not sign the July 15, 2008, stipulation because the plaintiff wished to recover the fees.

On July 22, 2008, the plaintiff filed a motion for partial summary judgment (DE # 24) regarding some affirmative defenses, including the professional and executive exemptions asserted by the defendant as affirmative defenses.  During the hearing on the motion the Court denied the motion for summary judgment and told the defendant to withdraw the professional and executive exemptions asserted by the defendant as affirmative defenses.  On August 13, 2008, the defendant filed a Notice withdrawing the aforementioned affirmative defenses.

On August 22, 2008, the parties filed a joint motion to approve settlement reached by the parties (DE # 39).  The joint motion asked the Court to reserve jurisdiction over attorney's fees and costs.  The parties were unable to reach an agreement as to the amount of fees and costs and on August 25, 2008, the Court entered an Order approving the settlement (DE # 40).  On October 9, 2009, the plaintiff filed the instant motion seeking $2,595.25 in costs and litigation expenses and

$59,699.50 in fees[1].  The defendant filed a response on November 10, 2008, (DE # 55) and on December 2, 2008, the plaintiff filed a reply (DE # 59).

## ANALYSIS

### I. Costs

The plaintiff is seeking costs pursuant to the Fair Labor Standards Act.  Section 216 directs the Court to award a prevailing plaintiff the costs of the action.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002); see also Santana v. Blue Ribbon Meats, Inc., No. 02-21089-CIV, 2003 U.S. Dist. LEXIS 25642, at *5 (S.D. Fla. July 3, 2003).  This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded.  Choctawhatchee, 298 F.3d at p. 1248.  The plaintiff prevailed in the present case because the Court entered an Order approving settlement in favor of the plaintiff.  The plaintiff is entitled to receive all costs that are recoverable under 28 U.S.C. § 1920.  Specific costs which may be awarded are set forth in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

A judge or clerk of any of the United States may tax as costs the following:

---

[1] In the reply the plaintiff seeks an additional $5,417.50 in fees incurred after the filing of the fees motion for a total fee request of $65,117.00.

>    (1) Fees of the clerk and marshal;
>
>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under § 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir.  2000).

   In Glenn v. General Motors Corp., 841 F.2d 1567 (11th Cir. 1988), the Eleventh Circuit did not extend the costs recoverable under the Fair Labor Standards Act beyond those costs recoverable under 28 U.S.C. § 1920.  See Glenn, 841 F.2d at 1575.  Accordingly, the plaintiff in the case at bar is only entitled to recover those costs she would be entitled to under 28 U.S.C. § 1920.  The plaintiff seeks to recover $2,595.25 in

costs.

### A. Filing Fee and Fees for Service

The plaintiff seeks to recover $256.00 for the filing fee of the complaint, $33.75 for the service fees for the complaint, and $160.00 for service fees for depositions. These costs are permitted under 28 U.S.C. § 1920(1). The defendant does not object to these costs. The undersigned recommends that the plaintiff receive **$449.75** for these costs.

### B. Fees for Photocopies

The plaintiff requests $309.00 in costs for photocopies in this matter. These costs are permitted under 28 U.S.C. § 1920(4) if the copies were necessarily obtained for use in the case. The undersigned finds that the aforementioned photocopies were necessarily obtained for use in the case. The defendant does not object to these costs. The undersigned recommends that the plaintiff receive **$309.00** for these costs.

### C. Court Reporter Fees

The plaintiff requests $780.00 in costs for court reporters in this matter. These costs are permitted under 28 U.S.C. § 1920(2) if the printed or electronically recorded transcripts were necessarily obtained for use in the case. The undersigned finds that the aforementioned depositions were necessarily obtained for use in the case. The defendant does not object to these costs. The undersigned recommends that the plaintiff receive **$780.00** for these costs.

### D. Witness Fees for Depositions

The plaintiff requests $180.00 for witness fees for depositions in this matter. Witness Fees are permitted under 28 U.S.C. § 1920(3). The undersigned finds that the aforementioned witness fees are allowed. The defendant does not object to these costs. The undersigned recommends that the plaintiff receive **$180.00** for these costs.

### E. Postage, Computerized Research, Mediation, Long Distance, Federal Express

This Court has held that the a party may not recover costs for express mail, facsimile transmissions, travel expenses and expert witness fees. See Tang How v. Edward J. Gerrits, Inc., 756 F.Supp. 1540, 1545-46 (S.D. Fla. 1991). The Eleventh Circuit has held that "general copying, computerized legal research, postage (and) courthouse parking fees . . . are clearly not recoverable." Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996). Moreover, reimbursement for costs associated with postage, computerized research, mediation, long distance, and federal express, are not expressly permitted under 28 U.S.C. § 1920, and should not be awarded. The undersigned recommends that the plaintiff not recover costs associated with postage, computerized research, mediation, long distance, and federal express

In sum, the plaintiff's cost request should be reduced by $876.50. Accordingly, the undersigned respectfully recommends that the plaintiffs be awarded costs in the amount of $1,718.75.

**II. Attorney's Fees**

A. Entitlement to Attorney's Fees

The Fair Labor Standards Act clearly provides for the recovery of attorney's fees for a prevailing plaintiff, see 29 U.S.C. § 216(b).  Accordingly, as the plaintiff prevailed in the case at bar, she is entitled to receive attorney's fees.

B. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Henesley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee.  See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

    1. Reasonable Hourly Rate

The Court must first evaluate plaintiff's requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly

fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984). In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D.Ala. 1993). The defendant objects to the hourly rates requested by William Amlong and Jennifer Daley as excessive. The defendant does not object to the hourly rates charged by the other timekeepers.

The plaintiff requests an hourly rate of $450.00 for William Amlong, $325.00 for Jennifer Daley, $135.00 for Jeffrey Botelho, $250.00 for Wendy Dolce and $135.00 for Shelly Murray. The plaintiff requests $85.00 per hour for two paralegals with the initials SIE and ARM. The defendant argues that Mr. Amlong's rate should be reduced to $400.00 per hour and Jennifer Daley's rate should be reduced to $300.00 per hour.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award

based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded.  <u>Norman</u>, 836 F.2d at 1303 citing <u>Davis v. Board of School Commissioners of Mobile County</u>, 526 F.2d 865, 868 (5th Cir. 1976).  Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with FLSA litigation and attorneys' fees in general, the undersigned finds that hourly rates of $400.00 for William Amlong, $300.00 for Jennifer Daley, $135.00 for Jeffrey Botelho, $250.00 for Wendy Dolce, $135.00 for Shelly Murray, and $85.00 for the paralegals, are reasonable.  In <u>Bryant v. Bit T East Coast, Inc.</u>, No. 06-61458-Civ-Dimitrouleas/Johnson, a Fair Labor Standards Act case, the Court found a rate of $400.00 per hour for Mr. Amlong and $300.00 per hour for Ms. Daley, to be reasonable and similar to the rates charged by similarly experienced, skilled and educated attorneys in the South Florida area.  The plaintiff cites to cases in which the higher hourly rates were awarded, but only one of these cases is a Fair Labor Standards Act case, and that case was a class action case.  The remaining cases are discrimination and civil rights cases that involve more complex litigation.  The Court recognizes that William Amlong and Jennifer Daley are skilled attorneys, but finds the requested hourly rates to be excessive.

### 2. Hours Reasonably Expended

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel.  The total fee request by the plaintiff made in the motion is for $59,699.50 in fees.  The Reply further requests $5,417.50 in fees, which includes 15.70 hours for Jennifer Daley and 0.70 hours for

William Amlong, for a total fee request of $65,117.00.  The plaintiff's motion requests reimbursement for .40 hours for a paralegal with the initials ARM for a total of $34.00, 23.60 hours for Jeffrey Botelho for a total of $3,186.00, 150.80 hours for Jennifer Daley for a total of $49,010.00, 2.6 hours for a paralegal with the initials SIE for a total of $221.00, 1.10 hours for Shelly Murray for a total of $148.50, 14.0 hours for Wendy Dolce for a total of $3,500.00, and 8.00 hours for William Amlong for a total of $3,600.00.  The plaintiff supports her motion by submitting itemized time sheets and affidavits.

     The defendant seeks to reduce the amount of requested attorneys fees.  The defendant argues that the fees amount should be reduced due to block billing, inefficient staffing, and reimbursement requests for clerical and administrative tasks.  The defendant states that inefficient staffing is evident in the duplication of effort, more than one attorney working on the same task, and senior attorneys doing work more suited for attorneys with less experience.  The defendant argues that block billing descriptions make it difficult to determine if the time spent on given tasks is reasonable and a 10% reduction is appropriate for block billing.  The defendant also argues that the Court should not award fees associated with administrative tasks.  The defendant further argues that a reduction of hours is warranted for what the defendant considers a wasteful Motion for Partial Summary Judgment.

     This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  It is important to keep accurate and current records of work done and time spent on a

case, especially when a third party, i.e., someone other than the client, may pay the bills.  See Hensley, 461 U.S. at 437.  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney."  National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures.  Hensley, 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded.  Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York city Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

Because the fees requested are voluminous, this Court is not required to engage in an hour-by-hour analysis.  Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994); Trujillo v. Banco Central del Ecuador, 229 F. Supp. 1369, 1375 (S.D. Fla. 2002); cf. Norman, 836 F.2d at 1301.  "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction."  Loranger, 10 F.3d at 783.  The rule in Loranger differs from the rule articulated in Norman.  Trujillo, 229 F. Supp. at 1375.  "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed."  Id. (citing Norman, 836 F. 2d at 1304).

Reductions in the amount of requested fees are warranted in accordance with

11

the following list and for the reasons stated below.  There is a considerable amount of block billing, which makes it difficult to determine if the time spent on given tasks is reasonable.  Also, there are tasks performed by more than one attorney.  There are a considerable amount of 0.10 hour charges for administrative tasks and review of filings, such as receipt and review of correspondence, that do not take 0.10 hours to complete.  There is also a significant amount or time spent by paralegals on administrative tasks and review of filings, with minimum 0.10 charges, for which the plaintiff should not be entitled to recover the entire amount charged.  The undersigned finds the reductions listed below are appropriate.

1) A reduction of 10% of the attorney fees requested in the plaintiff's original motion after all other reductions listed below are taken.  The 10% reduction is applied to account for the block billing entries and the tasks performed by more than one attorney.  The undersigned has analyzed each entry in the supplemental request provided for in the plaintiff's reply brief and reduced those entries appropriately.  Accordingly, a 10% reduction will not be applied to the supplemental request provided for in the plaintiff's reply brief.

2) A reduction of 50% for the administrative tasks and review of filings performed by the various timekeepers for the minimum 0.10 charges.  The paralegal with the initials ARM charged 0.20 hours for these tasks, and this should be reduced to 0.10 hours.  Jennifer Daley charged approximately 11.10 hours for these administrative tasks and review of filings, and her hours should be reduced to 5.50 hours for these tasks.   The paralegal with the initials SIE charged 2.60 hours for administrative tasks and review of filings,

which should be reduced to 1.30 hours for these tasks.  Wendy Dolce spent 0.40 hours on administrative tasks and review of filings and her hours should be reduced to 0.20 for these administrative tasks.  William Amlong charged 3.9 hours for administrative tasks and review of filings and his hours should be reduced to 1.95 for these tasks.

The defendant asserts that the plaintiff should not be awarded fees for filing a Motion for Partial Summary Judgment.  The plaintiff attempted to obtain a stipulation from the defendant in regard to the withdrawal of the affirmative defenses regarding professional and executive exemptions.  The defendant offered to stipulate with the condition that the parties bear their own attorney's fees.  The defendant's failure to stipulate without the attorney fee condition required the plaintiff to file a motion for partial summary judgment.  The undersigned finds that the plaintiff should recover fees associated with the Motion for Partial Summary Judgment.

For the fees requested in the motion, prior to the overall 10% reduction, the plaintiff should be awarded: 0.3 hours at $85.00 per hour for the paralegal with the initials ARM for a total of $25.50; 23.60 hours at $135.00 per hour for Jeffrey Botelho for a total of $3,186.00; 145.30 hours at $300.00 per hour for Jennifer Daley for a total of $43,590.00; 1.30 hours at $85.00 per hour for the paralegal with the initials SIE for a total of $110.50; 1.10 hours at $135.00 per hour for Shelly Murray for a total of $148.50; 13.80 hours for Wendy Dolce at $250.00 per hour for a total of $3,450.00; and 6.05 hours at $400.00 per hour for William Amlong for a total of $2,420.00.  The total recommended award for all the fees requested in the plaintiff's original motion, prior to the overall 10% reduction, is $52,930.50. Applying the 10% reduction to the

$52,930.50 results in a recommended award of $47,637.45 for all fees requested in the plaintiff's original motion.

The 16.40 hours requested by the plaintiff in the reply memorandum should be reduced to 11.40 hours. The undersigned has examined and considered each of the fees requested in the plaintiff's reply brief and finds that the plaintiff should be awarded 1.30 hours for Jennifer Daley's work performed related to Ms. Everett, 1.00 hour for Ms. Daley's work done reviewing other papers, and 9.10 hours for Ms. Daley's work reviewing the response and preparing the reply to the fees motion. This results in a total of 11.40 hours at $300.00 per hour for a total of $3,420.00. The plaintiff should not recover any fees requested in the reply for the work done by Mr. Amlong as these hours are for administrative tasks or duplicate the work of Ms. Daley. Accordingly, the total of fees that the plaintiff should receive for those fees requested in the reply is $3,420.00.

The undersigned recommends an award of $47,637.45 for the fees requested in the plaintiff's original motion and $3,420.00 for fees requested in the plaintiff's reply memorandum. The sum of these two recommended award amounts is $51,057.45.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends the following:

1. The Plaintiff's Motion for Costs, Including Attorneys' Fees and Litigation Expenses, and Supporting Memorandum of Law (DE # 42, 10/9/08) be GRANTED in part and DENIED in part and the plaintiff be awarded $51,057.45 in fees and $1,718.75 in costs.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 19th day of March, 2009.

```
                                    /s/ John J. O'Sullivan
                                    _____
                                    JOHN J. O'SULLIVAN
                                    UNITED STATES MAGISTRATE JUDGE
```

Copies to:

United States District Court Judge Huck
All counsel of record